UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK D. KLEINSASSER,<br><br>    Plaintiff,<br><br> v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE MAX INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. C17-5499 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Mark Kleinsasser's ("Plaintiff") motion for reconsideration (Dkt. 41).

On October 10, 2017, the Court set an evidentiary hearing on Plaintiff's motion to remand and requested additional briefing and, if necessary, additional evidence. Dkt. 34. On October 17, 2017, Plaintiff filed a motion for reconsideration on the merits. Dkt. 36. On October 19, 2017, the Court denied the motion. Dkt. 37. On November 10, 2017, Plaintiff filed a second motion for reconsideration on the procedural aspect of holding an evidentiary hearing with live testimony. Dkt. 41.

Plaintiff argues that the issue should be decided similar to a summary judgment motion without live testimony. *Id.* When considering a summary judgment motion, the Court takes all facts and inferences in favor of the non-moving party. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). In contrast, when resolving a motion to remand "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014), 135 S. Ct. 547, 554 (citing H.R.Rep. No. 112–10, p. 16 (2011)). Accordingly, the Court will accept live testimony subject to cross examination to resolve the conflicting facts proffered by the parties in this case. Neither the Court nor Plaintiff has discovered binding precedent on this issue. While holding an evidentiary hearing may be error, Plaintiff has failed to show that it would be manifest error. Plaintiff has sufficient time to seek a writ of mandamus if he so desires. Otherwise, the Court finds that it is in the interest of all parties to fully develop the record and enter findings of fact for appeal, as opposed to entering findings of fact based solely on the record, only to have the matter sent back for an evidentiary hearing after appeal. Therefore, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge