UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK D. KLEINSASSER,<br><br>                Plaintiff,<br><br>   v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE MAX INSURANCE COMPANY,<br><br>                Defendants. | CASE NO. C17-5499 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS AND DEFENDANTS' MOTIONS TO EXCLUDE EXPERT TESTIMONY |

This matter comes before the Court on Plaintiff Mark Kleinsasser's ("Plaintiff") motion to certify class, Dkt. 98, and Defendants Progressive Direct Insurance Company ("Direct") and Progressive Max Insurance Company's ("Max") (collectively "Progressive") motion to exclude expert testimony of Bernard Siskin, Dkt. 107, and motion to exclude expert testimony of Angelo Toglia, Dkt. 109. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motions for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On April 1, 2016, Plaintiff filed a class action complaint against Progressive in Pierce County Superior Court for the State of Washington. Dkt. 1-2 ("Comp."). Plaintiff seeks to recover diminished value on a class-wide basis and individual loss of use damages under the Underinsured Motorists Property Damage ("UIMPD" or "UMPD") provision of his insurance contract with Direct. *Id.*

On June 28, 2017, Progressive removed the matter to federal court asserting that the Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1.

On October 1, 2019, Plaintiff filed a motion to certify class. Dkt. 98. On December 10, 2018, Progressive responded, Dkt. 105, and filed the motions to exclude, Dkts. 107, 109. On February 6, 2019, Plaintiff replied, Dkt. 120, and responded to Progressive's motions, Dkts. 123, 124. On March 11, 2019, Progressive replied. Dkts. 126, 127.

On May 10, 2019, Plaintiff filed a notice of supplemental authority. Dkt. 129.

# II. FACTUAL BACKGROUND

On September 18, 2015, an uninsured driver hit Plaintiff's vehicle causing significant damage. Comp., ¶ 1.8. Plaintiff had purchased insurance coverage with Direct. Dkt. 98 at 2. The vehicle was towed to a repair shop, and Plaintiff submitted a claim to Direct. Comp., ¶ 6.7. Plaintiff was without the use of his vehicle until November 24, 2015, and, on two separate occasions, he returned the vehicle to the repair shop for additional repairs. *Id.* ¶ 1.9. On an individual basis, Plaintiff alleges that Direct

failed to provide him with a rental car or otherwise reimburse him for the loss of use of his vehicle. *Id*. ¶¶ 6.7, 6.11.

Regarding the class claim, Plaintiff alleges that Progressive's failure to compensate its insureds for diminished value has been "systematic and continuous" and has affected a large number of insureds over time. *Id*. ¶ 5.1. As such, Plaintiff seeks certification of a class as follows:

> All insured of PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE MAX INSURANCE COMPANY with Washington policies issued in Washington State, who presented a claim for vehicle damage covered under Uninsured/Underinsured Motorist ("UIM") coverage from April 1, 2010, through the date of the Court's certification order; and
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned Judge, the Judge's staff and family.

Dkt. 98 at 1–2.

In Plaintiff's motion, he asserts that Direct and Max are "Juridically linked and alter egos." Dkt. 98 at 2 n.1. He claims that he has evidence to establish that

> the claims practices followed by both defendants are identical, with claims being handled by a single claims staff, with Progressive Direct having contractually assumed the obligation to service the policies and handle claims under them. Further, liability under each and every policy issued by Progressive Max is "ceded to" and then "assumed by" Progressive Direct, creating direct liability on the part of Progressive Direct under the policies issues [sic] by Progressive Max. Both entities also share all administrative and other functions under a cost allocation agreement.

*Id.* (citing Dkt. 99, Declaration of Stephen Hansen, Exh. 6). The Court, however, is unable to locate the cited evidence in the record. The document on record is a placeholder that states "Redacted per Defendant's designation as 'confidential.' A Motion pertaining to whether the document should be filed under seal will follow." Dkt. 99-6 at 1. On October 3, 2018, Plaintiff filed that motion to seal, Dkt. 100, but failed to comply with the local rule "permit[ing] the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal," Local Rules W.D. Wash. LCR 5(g)(2)(B). On November 13, 2018, the Court denied the motion to seal, and it appears that Plaintiff failed to file an unsealed version of the document in question. Plaintiff did file a second declaration with six exhibits attached, but none of those exhibits appear to be the document in question. Dkts. 121–121-6. Moreover, Plaintiff fails to cite any additional evidence in support of this position in his reply. *See* Dkt. 120 at 9–10. Therefore, Plaintiff's position is based on allegations in the complaint and unsupported assertions in his briefs.

### III.  DISCUSSION

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "As the party seeking class certification, [Plaintiff] bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).

"Rule 23 does not set forth a mere pleading standard." *Dukes*, 564 U.S. at 350. Rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* Before certifying a class, the Court must conduct a "rigorous analysis" to determine whether Plaintiff has met the requirements of Rule 23. *Zinser*, 253 F.3d at 1186.

In this case, Plaintiff fails to establish that the Court should certify a bilateral class. Plaintiff's proposed class is bilateral because there are multiple plaintiffs and multiple defendants. "According to the Ninth Circuit, the typicality requirement of Rule 23(a)(3) prevents a plaintiff who has been harmed by one defendant from instituting a class action naming additional defendants who have not harmed plaintiff individually, but rather have engaged in similar conduct that has harmed others." *Leer v. Washington Educ. Ass'n*, 172 F.R.D. 439, 447 (W.D. Wash. 1997) (citing *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973)). Specifically, the Circuit stated that

> Under proper circumstances, the plaintiff may represent all those suffering an injury similar to his own inflicted by the defendant responsible for the plaintiff's injury, but in our view he cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.

*La Mar*, 489 F.2d at 462; *see also Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 734 (3d Cir. 1970) ("In short, a predicate to appellee's right to represent a class is his eligibility to sue in his own right."). Applying this rule here, Plaintiff alleges that he suffered injury from Direct's breach of contract and seeks to represent individuals that allegedly suffered injury from both Direct and Max's breach of contract. Under binding precedent, Plaintiff

may not represent those having a cause of action against Max because Plaintiff has no cause of action against Max and suffered no injury from Max's actions. Although the rule seems clear, Plaintiff contends that there is an applicable exception.

Plaintiff argues that Direct and Max are so related that the Court should certify them as a class of defendants. "A 'juridical relationship,' often also called a 'juridical link,' refers to some type of legal relationship which relates all defendants in a way that would make single resolution of a dispute preferable to a multiplicity of similar actions." *In re Itel Securities Litig.*, 89 F.R.D. 104, 121 (N.D. Cal. 1981). "Such cases generally involve[] class actions brought against state officials applying a common rule." *Leer*, 172 F.R.D. at 448. For example, "[a] common rule applied by instrumentalities of a single state presents a situation" appropriate for a bilateral class. *La Mar*, 489 F.2d at 470.

In support of extending this exception to private parties, Plaintiff cites *Leer* for the proposition that a "juridical link applies where 'the defendants' conduct is standardized by a common link to an agreement, contract or enforced system which acts to standardize the factual underpinnings of the claims.'" Dkt. 120 at 10 (citing *Leer*, 172 F.R.D. at 448). Although Plaintiff does not inform the Court of this, *Leer* cited *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 75 (S.D.N.Y. 1986) for the "agreement, contract or enforced system" language. *See Leer*, 172 F.R.D. at 448. In that case, the district court provided as follows:

> a close examination of this second exception to [*Weiner v. Bank of King of Prussia*, 358 F. Supp. 684 (E.D. Pa. 1973)] and *La Mar* reveals that class certification in these cases hinged upon the existence of written contracts or

agreements which required each defendant to adhere to the challenged practice. *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682, 689 (D.D.C. 1977) (certification of defendant class allegedly engaging in employment discrimination where class members were bound by a national master freight agreement and defenses were typical of the class); *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 276 (N.D. Cal. 1976) (class certification granted where all of the defendants operate under a single industry-wide collective bargaining agreement and the crux of the action revolves around that agreement); *Doss v. Long, supra*, 93 F.R.D. 112 (N.D. Ga. 1981) (the fact that each named plaintiff did not have a cause of action against each named defendant would not prevent the certification of a defendant class of judges who were paid a fee for services performed rather than a salary, as this uniform municipal court and justice of the peace system insured that common defenses will be raised and no separate legal theories will be advanced).

It is evident from these citations that these cases have carved out an exception for defendant classes whose conduct is standardized by a common link to an agreement, contract or enforced system which acts to standardize the factual underpinnings of the claims and to insure the assertion of defenses common to the class. This "independent legal relationship" also mitigates the due process concerns latent in defendant class certifications, as its presence "denote[s] some form of activity or association on the part of the defendants that warrants imposition of joint liability against the group even though the plaintiff may have dealt primarily with a single member." [*Akerman v. Oryx Communications, Inc.*, 609 F.Supp. 363, 375 (S.D.N.Y. 1984)].

*Angel Music*, 112 F.R.D. at 76–77 (footnote omitted).

To summarize, Plaintiff argues in a footnote without supporting documentation in the record that the Court should certify a bilateral class of private party defendants under the juridical link exception to binding precedent. The Court finds that Plaintiff has failed to meet the typicality requirement of Rule 23(a) by failing to submit contracts between Direct and Max that establish a binding relationship that rises to the level of a national master freight agreement, a collective bargaining agreement, or something similar. Even if those contracts were in the record, it seems highly unlikely that Plaintiff will have

established that Direct and Max qualify for the juridical link exception to *La Mar* as private parties with at most a common course of business practices. In other words, Plaintiff has failed to "affirmatively demonstrate his compliance with [Rule 23]." *Dukes*, 564 U.S. at 350. As such, Plaintiff has failed to establish that the proposed class should be certified.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to certify class, Dkt. 98, is **DENIED** and Progressive's motion to exclude expert testimony of Bernard Siskin, Dkt. 107, and motion to exclude expert testimony of Angelo Toglia, Dkt. 109, are **DENIED as moot without prejudice**.

Dated this 21st day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge