UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK D. KLEINSASSER,<br><br>                Plaintiff,<br><br>    v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE MAX INSURANCE COMPANY,<br><br>                Defendants. | CASE NO. C17-5499 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Mark Kleinsasser's ("Plaintiff") motion for reconsideration. Dkt. 132.

On June 21, 2019, the Court denied Plaintiff's motion to certify class because Plaintiff failed to submit evidence in support of, and establish that, Defendants Progressive Direct Insurance Company ("Direct") and Progressive Max Insurance Company ("Max") (collectively "Progressive") were juridically linked such that the Court should certify a bilateral class of multiple plaintiffs and multiple defendants. Dkt. 132. On July 2, 2019, Plaintiff filed a motion for reconsideration and submitted evidence in support of the juridically linked issue. Dkts. 132, 133.

ORDER - 1

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Such a motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Under this standard, Plaintiff's motion fails for numerous reasons. First, Plaintiff admits that he could have reasonably submitted the evidence in support of his position with the original motion. Dkt. 132 at 1 ("Plaintiff, however, neglected to re-file the exhibits."). Thus, Plaintiff has failed to establish that reconsideration of the order is warranted based on the newly submitted evidence. *Kona*, 229 F.3d at 890. While this may seem harsh, this is not the first time Plaintiff's counsel has failed to properly submit evidence in support of class certification. *See Kogan v. Allstate Fire & Casualty Insurance Company*, C15-5559-BHS, Dkts. 70, 80.

Second, Plaintiff argues that the juridical link exception is "well-established law." Dkt. 132 at 4. To support this proposition, Plaintiff cites to *Hovenkotter v. Safeco Corp.*,

C09-218-JLR, 2009 WL 6698629 (W.D. Wash. Aug. 3, 2009), which states that "[s]ince its inception, the juridical link doctrine has been applied somewhat inconsistently with some courts purporting to use the doctrine to establish Article III standing as well as providing the basis for class certification." *Id.* at *4. Thus, the Court's discretionary denial of class certification under an exception that has been inconsistently applied is not a manifest error of law.

Furthermore, in *Hovenkotter*, the Court granted the defendants' motion to dismiss claims similar to Plaintiff's claims. There, Mr. Hovenkotter alleged that three defendants were juridically linked because they "share[d] a common owner, a written agreement, and 'common participation' [in insurance practices] . . . ." *Id.* at *2. The Court reasoned and concluded as follows:

> Regardless of the inconsistent application of the juridical link doctrine, here, the court declines to endorse the notion that related companies may be sued by one plaintiff having claims against only one company based on a theory that the defendants are all engaged in the same activity.
> At this point, Mr. Hovenkotter fails to establish a right to hale Safeco America and Safeco Corporation into court on the basis that they employ the same or similar tactics as the company that allegedly injured Mr. Hovenkotter: Safeco. Accordingly, the court dismisses all claims against Safeco America and Safeco Corporation. The court does so without prejudice to Mr. Hovenkotter's seeking to amend his complaint to include claims against these Defendants at a later date, if or when he has sufficient allegations of an injury caused by Safeco Corporation or Safeco America.

*Id.* at *4–5. Thus, under this logic, Plaintiff's theory of a common practice and a written agreement would be insufficient to establish the required juridical link.

Third, Plaintiff floats a new theory of liability by stating that Max is not a necessary defendant. Dkt. 132 at 3 & n.1. If so, Plaintiff should follow the proper

procedure of amending his complaint and his proposed class instead of requesting the Court ignore a named entity in a motion for reconsideration.

Finally, Plaintiff states that "[w]ith due respect to this Court's discussion of Article III standing – which is met as to Mr. Kleinsasser in any respect, as he has direct claims against Progressive Direct, Article III standing is not the issue." Dkt. 132 at 4–5. The Court did not discuss standing and denied Plaintiff's motion purely on Plaintiff's failure to establish typicality. Thus, Plaintiff's argument is wholly irrelevant to the issue at hand.

In sum, the Court **DENIES** Plaintiff's motion for reconsideration based on his failure to submit evidence that could not have been reasonably submitted earlier and failure to establish a manifest error of law.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge