UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK D. KLEINSASSER,

Plaintiff,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY and PROGRESSIVE MAX
INSURANCE COMPANY,

Defendants.

CASE NO. C17-5499 BHS

ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Mark Kleinsasser's

("Kleinsasser") motion for partial summary judgment. Dkt. 154. The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

On April 1, 2016, Kleinsasser filed a class action complaint against Defendants

Progressive Direct Insurance Company ("Progressive") and Progressive Max Insurance

Company ("Progressive Max") (collectively "Defendants") in Pierce County Superior

Court for the State of Washington. Dkt. 1-2. Kleinsasser sought to recover diminished

value on a class-wide basis and individual loss of use damages under the Underinsured

Motorists Property Damage ("UMPD") provision of his insurance contract. *Id.*

On June 28, 2017, Defendants removed the matter to federal court. Dkt. 1.

On June 21, 2019, the Court denied Kleinsasser's motion to certify. Dkt. 131.

On January 29, 2020, Kleinsasser filed a motion for partial summary judgment.
Dkt. 146. On February 24, 2020, Defendants responded and moved to strike the
Declaration of Darrell Harber ("Harber Decl."). Dkt. 154. On February 28, 2020,
Kleinsasser replied. Dkt. 156.

## II.   FACTUAL BACKGROUND

The parties agree on many of the relevant facts. On September 18, 2015
Kleinsasser's vehicle was severely damaged by an uninsured motorist. Kleinsasser had
an insurance contract with Progressive at the time of the accident.[1]  The contract included
UMPD coverage and provides in relevant part as follows: "we will pay for damages that
an insured person is legally entitled to recover from the owner or operator of an
underinsured motor vehicle because of property damage: . . . caused by an accident . . . ."
Dkt. 147-2 at 15.

After the accident, Kleinsasser submitted a claim to Progressive. Progressive
arranged for the vehicle to be towed to a repair shop. When Kleinsasser drove the
vehicle after the repair, he identified numerous problems with the vehicle. After multiple
repairs, Kleinsasser contends that his vehicle is still damaged, and he submitted the

---

[1] Although Kleinsasser's motion is unclear, he confirms in his reply that he is only seeking
summary judgment against Progressive and not Progressive Max. Dkt. 156 at 7 n.2.

Harber Decl. in support of his claim that his vehicle has suffered diminished value in the amount of $7,375.[2]  On the other hand, Progressive has submitted an expert report essentially stating that Kleinsasser's vehicle exhibits the same characteristics post-repair as a similar undamaged vehicle.  Dkt. 105-1.

## III.  DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477

---

[2] Progressive moves to strike this report because it was not properly disclosed during discovery.  Dkt. 154 at 9–10.  The Court denies the motion as moot because the report is immaterial to the resolution of Kleinsasser's motion.

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

With regard to the burden of proof, "*where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense—*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also Southern Calif. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

**B.   Breach of Contract**

To assert a claim for breach of contract, a plaintiff must allege the existence of a valid contract, a breach of the contract, and damages. *See Meyers v. State*, 152 Wn. App. 823, 827–28 (2009).

In this case, the parties do not dispute the existence of a valid contract. Instead, Kleinsasser challenges the other two elements of his claim in a less than straightforward manner. For example, Kleinsasser requests partial summary judgment as follows:

> 1.     Mr. KLEINSASSER is entitled to recover the difference between the fair cash market value of the property immediately before the occurrence and its fair cash market value after it is repaired ("Diminished Value") as a covered loss under the UMPD provisions of his insuring agreement with Defendant.
> 2.     That Mr. KLEINSASSER had coverage for his September 18, 2015 accident under the UMPD provisions of his policy.

Dkt. 146 at 1. Neither of these requests is stated in terms of existence, breach, or damages, which causes confusion from the start.[3] Regarding the second request, Progressive does not dispute that a valid contract existed that covered damages caused by an underinsured motorist. Therefore, the Court grants Kleinsasser's motion as to the existence of a valid contract that covered damages caused by an underinsured motorist.

Regarding Kleinsasser's first request, his motion strays far from his technical request. To the extent he seeks a determination that he may recover Diminished Value under the specific language of his insurance contract, the Court grants the motion based on similar language in a recent related case. *Van Tassel v. State Farm Mut. Auto. Ins.*

---

[3] Kleinsasser failed to file a proposed order specifically setting forth his requested relief that could have cleared up some of this confusion. Local Rules W.D. Wash. LCR 7(b)(1).

*Co.*, C15-5508 BHS, 2020 WL 1875602, at *1–3 (W.D. Wash. Jan. 16, 2020). Similar to that case, the operative language allows recovery for physical damages as well as stigma damages, and Progressive has failed to cite any exclusion that limits its liability on this issue. Therefore, the Court grants the motion as to the interpretation of the insurance contract.

On the issues of whether Progressive breached the contract or the amount of damages, Kleinsasser fails to establish that any juror could find other than for him. *Calderone*, 799 F.2d at 259. At the very least, questions of material fact exist on the issues of whether Kleinsasser has reached the limit of liability for UMPD coverage, whether his vehicle has lost any value because of the accident, and the amount of that alleged lost value. Although these issues are raised in the motion, they are clearly outside the specific requests for relief and may be addressed in a more clearly drafted subsequent motion or at trial.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Kleinsasser's motion for partial summary judgment, Dkt. 154, is **GRANTED as stated herein**.

Dated this 6th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge