|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| MARK D KLEINSASSER,<br><br>          Plaintiff,<br>  v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY and PROGRESSIVE MAX INSURANCE COMPANY,<br><br>          Defendants. | CASE NO. C17-5499 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CASE SCHEDULE |

This matter comes before the Court on Plaintiff's motion to amend case schedule to conduct discovery as to new affirmative defense. Dkt. 184. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion as to limited discovery on an expedited basis.

On December 23, 2020, the Court granted Defendants' motion to amend their answer, Dkt. 177, and set an expedited briefing schedule for summary judgment on Defendants' newly-asserted material misrepresentation affirmative defense at Defendants' request in advance of the then-impending trial date. Dkt. 182. The parties

ORDER - 1

have subsequently stipulated to continue trial until October 19, 2021 which the Court has approved. Dkts. 188, 190.

Plaintiff moves to amend the case schedule to conduct discovery on this new affirmative defense. Dkt. 184. Specifically, Plaintiff seeks leave to serve notice of a Fed. R. Civ. P. 30(b)(6) deposition and a request for production of documents with the time shortened on the dates for responses and production to fourteen days. Dkt. 184 at 5.

When ruling on a motion to reopen discovery, courts consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). "Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)).

Defendants argue that Plaintiff's motion should be denied for three reasons. First, because the evidence Plaintiff seeks is relevant to reliance and damages, Defendants argue it is irrelevant to the elements of material misrepresentation—whether there was a (1) misrepresentation of material fact (2) knowingly made by the insured. Dkt. 189 at 3 (citing *Reverse Now VII, LLC v. Or. Mut. Ins. Co.*, 341 F. Supp. 3d 1233, 1237 (W.D. Wash. 2018)). The Court concludes that Defendants' policies and practices both in general and in this case relating to how the claims department reviews and or adjusts

claims based on information received during litigation *may* be relevant to Plaintiff's defense pertaining to the duration of the claims period, to the extent these topics are not privileged.

Second, Defendants argue that as the letter containing the alleged misrepresentation was first provided to their outside counsel, Plaintiff seeks only privileged information—testimony and documents related to litigation strategy or prepared during litigation and in preparation for trial. *Id*. at 5. "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2004)). When documents are prepared for a dual purpose rather than exclusively for litigation, "courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id*. at 567–68 (quoting *Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d at 908). Rule 26(b)(3) further instructs that "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories or an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). Considering these principles, it is again possible that some responsive documents or communications, for example exclusively within Defendants' claims handling department, were created or occurred in the same form they would have

1  otherwise taken without the prospect of litigation. Therefore, documents in this category
2  are discoverable.

3        Third, Defendants argue that they will be prejudiced as they moved for summary
4  judgment on a closed record on January 7, 2021 pursuant to the Court's order granting
5  the motion to amend. Dkt. 189 at 6. Defendants also argue that Plaintiff was not diligent
6  as he did not ask for discovery in the event that the motion to amend was granted. *Id*. The
7  Court concludes that the interests of justice in resolving this matter on the merits with all
8  potentially relevant information outweighs the prejudice to Defendants. The Court will
9  instruct the Clerk to renote Defendants' motion for consideration after the close of
10 discovery. If Defendants choose to, they may strike the motion and refile no later than
11 March 26, 2021.

12       Therefore, it is hereby **ORDERED** that Plaintiff's motion to amend case schedule,
13 Dkt. 184, is **GRANTED.** Plaintiff may conduct such limited discovery as described
14 herein no later than February 19, 2021. The Clerk shall renote Defendants' motion for
15 summary judgment, Dkt. 186, for consideration on March 12, 2021.

16       Dated this 14th day of January, 2021.

BENJAMIN H. SETTLE
United States District Judge